IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JONATHAN JUDKINS, #B00481,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 21-288-SPM |
| ) | |
| **W. SPILLER, C/O WALKER,** ) | |
| **SGT. HART, LT. BROOKMAN,** ) | |
| **LT. SCHOENBEDK, KELLY PIERCE,** ) | |
| **J. LASHBROOK, and** ) | |
| **F. LAWRENCE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiff Jonathan Judkins' Motion for Appointment of Counsel (Doc. 3) and for case management. Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Hill Correctional Center. He filed this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights in connection with disciplinary proceedings against him at Menard Correctional Center in 2018. (Doc. 1).

Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Santiago v. Walls*, 599 F.3d 749, 760, 761 (7th Cir. 2010) (quoting *Pruitt*, 503 F.3d at


654). *See also Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff's motion states that he has made "repeated attempts" to obtain a lawyer. (Doc. 3, p. 2). However, he attaches only one letter denying representation, dated in August 2018, and gives no details on how many other attorneys he may have contacted or whether he wrote any letters near the time he filed this lawsuit in March 2021. Plaintiff has not demonstrated a reasonable attempt to secure counsel on his own, and he has not articulated any circumstances to indicate that he cannot competently litigate on his own at this early stage. Although the motion is denied at this juncture, Plaintiff may renew his request for counsel if necessary if his Complaint survives review under 28 U.S.C. § 1915A and if he encounters difficulties in self-representation. If Plaintiff chooses to renew his request, he should submit rejection letters from at least 3 attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

One other matter requires Plaintiff's attention. At the outset of the case, he was notified of the Court's requirement that he complete and file the form indicating his consent or declination to consent for this case to proceed before a Magistrate Judge, in accordance with Administrative Order No. 257. (Doc. 5). This must be done before the Court will screen his Complaint pursuant to 28 U.S.C. § 1915A. Plaintiff initially returned the form without indicating whether or not he consented, so he was instructed to complete it again. (Doc. 8). Plaintiff resubmitted the form but did not correctly complete it. Instead of filling in his own name where the form instructs to print the name of the party completing it, he printed the Defendants' names. He did not sign the form.

Plaintiff will be given one more opportunity to properly complete the Consent/Non-Consent to Magistrate Judge Jurisdiction Form. After checking the box to either consent or not consent to Magistrate Judge jurisdiction, Plaintiff must print his own name in the "Printed Name of Party" section. He must then sign the form under "Signature of Party." The form must be dated.

Plaintiff shall re-file the completed form **on or before April 18, 2022**.

The Clerk of Court is **DIRECTED** to send Plaintiff another blank copy of the Consent/Non-Consent Form. If Plaintiff fails to return the completed form, this case may be dismissed for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is further **DIRECTED** to **STRIKE** Plaintiff's unsigned Consent/Non-Consent Form at Doc. 9.

Additionally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 28, 2022**

*s/   Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**