IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JONATHAN JUDKINS, #B00481,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 21-288-SPM |
| ) | |
| **W. SPILLER, C/O WALKER,** ) | |
| **SGT. HART, LT. BROOKMAN,** ) | |
| **LT. SCHOENBEDK, KELLY PIERCE,** ) | |
| **J. LASHBROOK, and** ) | |
| **F. LAWRENCE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for case management. Plaintiff filed this action on March 15, 2021. (Doc. 1). His original Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted, and Plaintiff was given leave to submit a First Amended Complaint, which he did. (Docs. 17, 20). On November 7, 2022, this Court entered an Order dismissing the First Amended Complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted on his allegations of due process violations, unconstitutional cell conditions, and retaliation. (Doc. 21). Plaintiff was given until December 7, 2022, to file a Second Amended Complaint on his retaliation claim if he wished to further pursue it, and the Clerk mailed him a blank complaint form for his use in preparing his amended pleading.

Plaintiff was warned that if he failed to submit a Second Amended Complaint, this case would be dismissed with prejudice, and the dismissal would count as a "strike" under 28 U.S.C. § 1915(g). (Doc. 21, pp. 14-15). He was also given the option to voluntarily dismiss this case by the same deadline, in which case the Court would not count the dismissal as a "strike." (Doc. 21,

pp. 15-16).

Plaintiff's December 7, 2022, deadline has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

Because Plaintiff's First Amended Complaint was dismissed for failure to state a claim upon which relief may be granted (Doc. 21), the Court counts this dismissal as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 30, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**
